Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff/Counterclaim-Defendant
American Industries, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN INDUSTRIES, INC., an Oregon corporation,<br><br>                  Plaintiff,<br><br>                v.<br><br>FOG CUTTER CAPITAL GROUP, INC., a Maryland corporation; FOG CAP DEVELOPMENT LLC, an Oregon limited liability company, FOG CAP ACCEPTANCE INC., a Delaware corporation; ANDREW A. WIEDERHORN, a California resident,<br><br>                  Defendants. | No. 3:12-cv-00522-HU<br><br>**AMENDED COMPLAINT**<br><br>**(ACTION ON PROMISSORY NOTES; BREACH OF CONTRACT; ACTION ON GUARANTY; IMPROPER TRANSFERS)** |

      For its complaint against Defendants Fog Cutter Capital Group, Inc. ("Fog Capital"), Fog Cap Development LLC ("Fog Development"), Fog Cap Acceptance Inc. ("Fog Acceptance") (collectively "Borrowers"), and Andrew A. Wiederhorn ("Wiederhorn"), Plaintiff American Industries, Inc. ("American Industries") alleges:

1-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## NATURE OF ACTION

1.  This is an action for damages arising out of defaults on promissory notes, default on guaranty, breaches of contract, and improper transfers.

## PARTIES

2.  American Industries was and is a corporation organized and existing under the laws of the state of Oregon with its principal place of business in Portland, Oregon.

3.  Fog Capital was and is a corporation organized and existing under the laws of the state of Maryland with its principal place of business in Beverly Hills, California.

4.  Fog Development was and is a limited liability company organized and existing under the laws of the state of Oregon with its principal place of business in Beverly Hills, California.  Fog Development's member is not an Oregon citizen.

5.  Fog Acceptance was and is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Beverly Hills, California.

6.  Wiederhorn is an adult resident citizen of the state of California.  On information and belief, Wiederhorn was, at all relevant times, an officer and director of Fog Capital, Fog Development, and Fog Acceptance.

## JURISDICTION AND VENUE

7.  Jurisdiction is in this Court pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds $75,000.

8.  Venue lies in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

9.  Venue also lies in this Court because the parties have agreed to adjudicate their disputes in this Court (Secured Promissory Notes, Sections 14; Guaranty, Section 11; Amended Loan Workout Agreement ("Amended LWA"), Section 11).

2-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FACTUAL BACKGROUND

10.     American Industries loaned a total of $3.6 million to Fog Capital under the Promissory Notes dated May 9, 2008, September 24, 2008 and November 17, 2008 (collectively referred to as the "American Loan").  Neither the principal nor interest has been fully repaid to date.

### (The Secured Promissory Notes)
### May 9, 2008--$2,000,000

11.     Fog Capital is obliged to American Industries under the terms of a Secured Promissory Note dated May 9, 2008 in the original principal amount of $2,000,000.

12.     The May 9, 2008 Secured Promissory Note matured by its terms on December 31, 2008 ("the Maturity Date").  Interest accrued at a rate of twenty-four percent (24%) per annum, with stepping rates of interest upon default.

13.     Fog Capital failed to pay the balance of principal and interest on or before the Maturity Date.  As a result, the May 9, 2008 Secured Promissory Note is in default.

### September 24, 2008--$1,000,000

14.     Fog Capital is obliged to American Industries under the terms of a Secured Promissory Note dated September 24, 2008 in the original principal amount of $1,000,000.

15.     The September 24, 2008 Secured Promissory Note matured by its terms on December 31, 2008 ("the Maturity Date").  Interest accrued at a rate of twenty-four percent (24%) per annum, with stepping rates of interest upon default.

16.     Fog Capital failed to pay the balance of principal and interest on or before the Maturity Date.  As a result, the September 24, 2008 Secured Promissory Note is in default.

### November 17, 2008--$600,000

17.     Fog Capital is obliged to American Industries under the terms of a Secured Promissory Note dated November 17, 2008 in the original principal amount of $600,000.

3-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

18. The November 17, 2008 Secured Promissory Note matured by its terms on December 8, 2008 ("the Maturity Date"). Interest accrued at a rate of twenty-four percent (24%) per annum, with stepping rates of interest upon default.

19. Fog Capital failed to pay the balance of principal and interest on or before the Maturity Date. As a result, the November 17, 2008 Secured Promissory Note is in default.

**(Forbearance Agreement)**

20. Following Fog Capital's default on the Secured Promissory Notes, to induce American Industries to refrain from collecting on the delinquent debt, Borrowers and Wiederhorn convinced American Industries to enter into a written Forbearance Agreement dated July 1, 2009 (the "Forbearance Agreement").

21. The Forbearance Agreement set forth benefits and obligations for each of the parties. For example, in its favor, among other things, American Industries obtained additional security for the American Loan, and Fog Development and Fog Acceptance became "Borrowers" under the American Loan. In favor of Borrowers and Wiederhorn, the rate of interest on the American Loan was reduced to twenty-two percent (22%) per annum during the forbearance period.

22. Under the Forbearance Agreement, Wiederhorn agreed to execute and deliver to American Industries a Guaranty under which Wiederhorn agreed to fully guarantee the American Loan. The Guaranty is discussed in detail below.

23. Borrowers acknowledged that, as of July 1, 2009, the debt under the American Loan that was immediately due and payable totaled $4,034,630.

24. The Forbearance Agreement expired by its terms on December 31, 2009 (the "Termination Date").

25. Borrowers failed to pay the debt owed to American Industries under the terms of the Forbearance Agreement.

4-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**(Loan Workout Agreement)**

26. Because Borrowers failed to timely pay their obligations under the Forbearance Agreement, and because the American Loan remained in default, Borrowers, Wiederhorn and American Industries entered into a Loan Workout Agreement dated April 15, 2010 ("Loan Workout Agreement"), which supplemented the Forbearance Agreement.

27. Like the Forbearance Agreement, the Loan Workout Agreement provided a forbearance period during which American Industries agreed to refrain from taking action to collect on the American Loan, which remained in default. In exchange, American Industries received additional security for the American Loan and other consideration.

28. Under the Loan Workout Agreement, Borrowers acknowledged that, as of April 1, 2010, the debt under the American Loan that was immediately due and payable totaled $4,307,145. This sum includes a credit of $375,000 that Borrowers received against the American Loan debt in exchange for certain assets.

29. Under the Loan Workout Agreement, the forbearance period expired on December 31, 2011.

30. Borrowers defaulted under the terms of the Loan Workout Agreement.

**(The Amended LWA)**

31. On April 20, 2011, Borrowers, Wiederhorn and American Industries executed an Amended Loan Workout Agreement ("Amended LWA"), which supplemented the terms and conditions of the Forbearance Agreement and the Loan Workout Agreement, and provided another forbearance period during which Borrowers could service the American Loan.

32. Like its predecessors, the Amended LWA provided certain benefits and obligations for Borrowers, Wiederhorn and American Industries during the forbearance period.

33. Under the Amended LWA, Borrowers acknowledged that, as of April 2, 2011, the debt under the American Loan that was immediately due and payable totaled $4,902,273.21.

5-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

34. In favor of Borrowers and Wiederhorn, the rate of interest during the forbearance period was reduced to ten percent (10%) per annum.

35. In American Industries' favor, among other things, Borrowers agreed to make monthly payments of $25,000, due on the first day of each month.

36. Under the Amended LWA, failure to make timely monthly payments constitutes default.

37. Borrowers failed to make timely monthly payments under the Amended LWA. Borrowers failed to timely pay the December 1, 2011 and January 1, 2012 payments. American Industries notified Borrowers of these defaults. Payments were received on December 8, 2011 and February 23, 2012. No payment has been received for the February 1, 2012 and March 1, 2012 payments.

38. Section 3.2 of the Amended LWA provides as follows:

> If any payment is not received by American [Industries] on or before the fifth day of the month, the forbearance set forth in Section 2 above shall automatically terminate without notice and the full amount set forth in Section 1.2 above shall be immediately due and owing without notice or opportunity to cure.

39. Although not required to do so, by certified letters dated December 8, 2011 and January 13, 2012, American Industries notified Borrowers and Wiederhorn that Borrowers and Wiederhorn had breached the Amended LWA by failing to make timely monthly payments.

40. The total sum due under the American Loan on January 13, 2012, excluding certain attorney fees, costs and expenses owed, totaled $4,769,588.

**(The Wiederhorn Guaranty)**

41. Contemporaneous with the execution of the Forbearance Agreement, as alleged above, Wiederhorn executed a Guaranty dated July 1, 2009 in favor of American Industries, under which he irrevocably and unconditionally guaranteed full payment and prompt performance of each and every obligation under the American Loan. On information and belief, were it not for Wiederhorn's position with one or more of the Borrowers, including without

6- AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

limitation his positions as a director or officer, Wiederhorn would not have executed the Guaranty.

42. Under the Guaranty, Wiederhorn's obligation to American Industries "is an absolute and continuing guaranty of performance and payment and not of collection" and American Industries has "no obligation to proceed first against" Borrowers.

43. Under the Guaranty, Wiederhorn "waiv[ed] notice of this Guaranty acceptance and waiv[ed] protest, presentment, demand for payment, notice of default or nonpayment and notice of dishonor."

**(Improper Transfers)**

44. As of on or about March 17, 2011, Fog Capital was owed a total of approximately $5,361,977.49 for various money advances it had made to the following Fatburger entities (the "Fatburger Debt"): Fatburger Holdings, Inc., Fatburger Corporation, Fatburger Restaurants USA, Inc., Fatburger Restaurants International, Inc., Fatburger Restaurants of New Jersey, Inc., and Fatburger North America, Inc. (collectively, the "Fatburger Entities").

45. On information and belief, as of on or about March 17, 2011, Wiederhorn held positions with Fog Capital and with one or more of the Fatburger Entities, including without limitation as a director or officer.

46. While Fog Capital owed nearly $5 million on the American Loan, and while Fog Capital was owed the Fatburger Debt in excess of $5 million, instead of collecting on the Fatburger Debt in order to pay the American Loan, Fog Capital intentionally, negligently, or grossly negligently entered into an agreement with the Fatburger Entities by which it promised not to collect on the Fatburger Debt in exchange for assets that were not, on information and belief, of reasonably equivalent value. Specifically, effective on or about March 17, 2011, Fog Capital entered into a forbearance agreement with the Fatburger Entities (the "Fatburger Debt Forbearance Agreement") by which Fog Capital agreed to forbear from further enforcement or collection activities on the Fatburger Debt in consideration for the transfer of certain intellectual

7-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

property and stock from certain of the Fatburger Entities to Fog Capital (the "Fatburger Transfers").

47.     On information and belief, the Fatburger Transfers were not of reasonably equivalent value in comparison with Fog Capital's agreement to forbear from further enforcement or collection activities on the Fatburger Debt.

## FIRST CLAIM FOR RELIEF

## (ACTION ON PROMISSORY NOTES / BREACH OF CONTRACT)

## (Against Borrowers)

48.     American Industries incorporates and realleges paragraphs 1 through 47, above.

49.     The American Loan constitutes a valid and binding obligation from Borrowers to American Industries.

50.     American Industries has performed all of its obligations under the American Loan and Amended LWA. Any and all conditions precedent have been satisfied.

51.     Borrowers, Wiederhorn and American Industries entered into a binding Amended LWA on April 20, 2011, under which American Industries agreed to forebear collection activities on the American Loan in exchange for, among other things, monthly installment payments from Borrowers to American Industries in the amount of $25,000.

52.     Borrowers have breached the Amended LWA by failing to make timely installment payments.

53.     Under the Amended LWA, the debt owed under the American Loan is immediately due and owing, and interest on the debt continues to accrue at the default rate under the Secured Promissory Notes.

54.     Borrowers' defaults and breaches of contract have caused damages to American Industries, which include principal and interest due and owing under the American Loan, less credits for payments and other consideration paid in satisfaction of the loans. As of March 22,

8-   AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

2012, the debt owed by Borrowers to American Industries under the American Loan, exclusive of certain attorney fees, costs and expenses, totals $5,055,247.

55. Under the Amended LWA, American Industries is entitled to recover its reasonable attorney fees and costs incurred in this action, along with attorney fees, costs and expenses incurred during negotiations and collection activities caused by breaches and defaults.

## SECOND CLAIM FOR RELIEF

### (ACTION ON GUARANTY)

### (Against Wiederhorn)

56. American Industries incorporates and realleges paragraphs 1 through 55, above.

57. Under the Guaranty, Wiederhorn is liable to American Industries for any and all indebtedness under the American Loan.

58. As of March 22, 2012, the debt owed by Wiederhorn to American Industries under the American Loan, exclusive of certain attorney fees, costs and expenses, totals $5,055,247.

59. Interest on the American Loan continues to accrue at the default rate under the Secured Promissory Notes.

60. Under the Guaranty, American Industries is entitled to recover its reasonable attorney fees and costs incurred in this action, along with attorney fees, costs and expenses incurred during negotiations and collection activities caused by breaches and defaults.

## THIRD CLAIM FOR RELIEF

### (IMPROPER TRANSFERS—Intent to Hinder or Delay, ORS 95.230(1)(a), ORS 95.240(1))

### (Against Fog Capital and Wiederhorn)

61. American Industries incorporates and realleges paragraphs 1 through 60, above.

62. Fog Capital accepted the Fatburger Transfers and agreed to forbear from further collection activities on the Fatburger Debt at the direction, authorization, or ratification of

9-    AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

various of its directors and officers, including without limitation Wiederhorn, with the actual intent to hinder or delay one or more creditors of Fog Capital, including American Industries.

63. Fog Capital's intent is demonstrated by multiple factors, including but not limited to: (1) at the time Fog Capital executed the Fatburger Debt Forbearance Agreement, Wiederhorn was an insider of Fog Capital and of one or more of the Fatburger Entities; (2) before the Fatburger Debt Forbearance Agreement was executed, Fog Capital was threatened with suit on its contractual loan obligations to American Industries; (3) on information and belief, the Fatburger Transfers were not of reasonably equivalent value in exchange for Fog Capital's agreement to forbear from further collection activities on the Fatburger Debt; (4) Fog Capital was insolvent at the time it executed the Fatburger Debt Forbearance Agreement because, among other reasons, a debtor that is not paying its debts as they become due is presumed to be insolvent under ORS 95.210(2); and (5) the Fatburger Debt Forbearance Agreement was executed shortly after Fog Capital was in default on its various loan obligations to American Industries.

64. The Fatburger Debt Forbearance Agreement was thus improper, and American Industries seeks to cancel and set it aside, and seeks the value of the Fatburger Debt.

65. American Industries also seeks punitive damages against Fog Capital and Wiederhorn for their role in executing the improper Fatburger Debt Forbearance Agreement.

**FOURTH CLAIM FOR RELIEF**

**(IMPROPER TRANSFERS—Without Receiving Reasonably Equivalent Value, ORS 95.230(1)(b))**

**(Against Fog Capital and Wiederhorn)**

66. American Industries incorporates and realleges paragraphs 1 through 65, above.

67. On information and belief, the Fatburger Transfers were not of reasonably equivalent value in exchange for Fog Capital's agreement to forbear from further collection activities on the Fatburger Debt.

10- AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

68. Fog Capital accepted the Fatburger Transfers and agreed to forbear from further collection activities on the Fatburger Debt at the direction, authorization, or ratification of various of its directors and officers, including without limitation Wiederhorn.

69. At the time Fog Capital executed the Fatburger Debt Forbearance Agreement, Fog Capital intended to incur, or believed or reasonably should have believed that it would incur, debts to American Industries and others that would be beyond Fog Capital's ability to pay as the debts became due.

70. The Fatburger Debt Forbearance Agreement was thus improper, and American Industries seeks to cancel and set it aside, and seeks the value of the Fatburger Debt.

WHEREFORE, American Industries requests that this Court enter judgment against Defendants as follows:

1. On its First Claim for Relief:

    A. An award of damages on its complaint against Fog Capital, Fog Development and Fog Acceptance, jointly and severally, in an amount to be proved at trial, of not less than $5,055,247;

    B. An award of interest at the default interest rate under the Secured Promissory Notes;

    C. Its reasonable attorney fees, costs and expenses incurred in this action and during negotiations and collections activities caused by the breaches and defaults;

    D. An award of post-judgment interest; and

    E. Such further relief as this Court deems just and reasonable.

2. On its Second Claim for Relief:

    A. An award of damages on its complaint against Wiederhorn, in an amount to be proved at trial, of not less than $5,055,247;

11- AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

  B. An award of interest at the default interest rate under the Secured Promissory Notes;

  C. Its reasonable attorney fees, costs and expenses incurred in this action and during negotiations and collections activities caused by the breaches and defaults;

  D. An award of post-judgment interest; and

  E. Such further relief as this Court deems just and reasonable.

3. On its Third Claim for Relief:

  A. A judgment canceling and setting aside the Fatburger Debt Forbearance Agreement and declaring that it is void against creditors of Fog Capital, including American Industries;

  B. A judgment for the value of the Fatburger Debt;

  C. An award of punitive damages against Fog Capital and Wiederhorn in an amount to be determined at trial;

  D. An award of post-judgment interest; and

  E. Such further relief as this Court deems just and reasonable.

4. On its Fourth Claim for Relief:

  A. A judgment canceling and setting aside the Fatburger Debt Forbearance Agreement and declaring that it is void against creditors of Fog Capital, including American Industries;

  B. A judgment for the value of the Fatburger Debt;

  C. An award of post-judgment interest; and

  D. Such further relief as this Court deems just and reasonable.

12-  AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: September 21, 2012

s/ Cody M. Weston
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff/Counterclaim-Defendant American Industries, Inc.

13- AMENDED COMPLAINT

85135-0001/LEGAL24040899.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222